[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12607
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-03289-LMM


ELIZABETH LEIGH BUTLER,

Plaintiff-Appellant,

versus

GWINNETT COUNTY, GEORGIA, et al.,

Defendants.

PAUL TREMBLAY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 26, 2017)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Elizabeth Leigh Butler appeals the summary judgment against her complaint about the violation of her civil rights by Officer Paul Tremblay of the Gwinnett County Police Department, 42 U.S.C. § 1983, and a false arrest in violation of state law. The district court ruled that Tremblay was entitled to qualified and statutory immunity because he had arguable probable cause to arrest Butler for loitering. We affirm.

We review a summary judgment *de novo* and view all evidence in the light most favorable to the non-moving party. *Lee v. Ferraro*, 284 F.3d 1188, 1190 (11th Cir. 2002). "We then answer the legal question of whether the defendant is entitled to qualified immunity under that version of the facts." *Id.* (brackets omitted) (quoting *Thornton v. City of Macon*, 132 F.3d 1395, 1397 (11th Cir. 1998)).

The district court correctly entered summary judgment in favor of Tremblay based on qualified immunity. Because Butler does not dispute that Tremblay was acting within his discretionary authority, the only issue we need address is whether Butler established that the officer violated clearly established law. *See Rushing v. Parker*, 599 F.3d 1263, 1265 (11th Cir. 2010). Butler alleged that she and a male friend were "just hanging out" in the back parking lot of a church after midnight on a weekday, but their conduct provided at least arguable probable cause to arrest them for loitering, *see id.* at 1266 ("A defendant need only demonstrate that

2

arguable probable cause existed in order to be protected by qualified immunity.").

Under Georgia law, "[a] person commits the offense of loitering or prowling when [she] is in a place at a time or in a manner not usual for law-abiding individuals under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." Ga. Code Ann. § 16-11-36(a). Butler and her friend's presence concerned Tremblay, who had responded several times to the security alarm at the church and had discovered its door ajar. And when Tremblay approached Butler's vehicle, he found her friend sitting upside down in the front passenger's seat with his feet dangling over the headrest and his head hanging over the floorboard, which contained a damp white substance. Although suspects may provide an explanation for their presence that would dispel the concerns warranting an arrest, Butler and her friend's "explanation justifiably did not dispel [Tremblay's] concerns," *Franklin v. State*, 574 S.E.2d 361, 363 (Ga. Ct. App. 2002). Butler stated that she did not have permission to be in the parking lot, and her friend admitted that he was nervous and then volunteered that he was on bond following an arrest for possessing cocaine and was undergoing drug treatment at a nearby rehabilitation center. Tremblay was entitled to qualified immunity.

Tremblay also was immune from liability under state law. Georgia gives a police officer official immunity for discretionary acts unless he "act[s] with actual

3

malice or with actual intent to cause injury." Ga. Const. art.1, § 2, ¶ 1. As the district court stated, because Tremblay "had at least arguable probable cause to [make an] arrest for violating Georgia's loitering and prowling statute," he "could not have acted with malice or intent to cause injury." Because no material factual dispute exists about the presence of malice, Tremblay was entitled to summary judgment based on official immunity.

We **AFFIRM** the summary judgment in favor of Officer Tremblay.